# EXHIBIT 3

ISB "Shakedown" Letter
Resign and Nobody Will Know
Dated: August 9, 2023

**From:** Caralee Lambert <clambert@isb.idaho.gov>
**Sent:** Wednesday, August 9, 2023 11:37 AM
**To:** Dustin Charters <WDC@powersfarley.com>
**Cc:** Joseph Pirtle <jpirtle@isb.idaho.gov>
**Subject:** ISB matter

Mr. Charters:

Thank you for reaching out today. The ISB Board of Commissioners reviewed the record in this matter at its July meeting and found probable cause to proceed with formal charges. The Board's primary concern related to Idaho Rule of Professional Conduct 8.2(a) and certain of the statements made about Judge Winmill. You are aware of those statements so I will not reiterate them here. I understand Mr. Morris's position regarding his First Amendment right to make statements about a federal judge, but nonetheless the Board believed, based on the record and relevant caselaw, that Rule 8.2(a) was implicated with respect to certain of those statements.

That said, Mr. Morris has advised that he has relocated out of state and that the pendency of this disciplinary grievance has affected his ability to move forward. I appreciate that and respect that Mr. Morris may not want a formal charge Complaint filed that would be a matter of public record, regardless of the outcome of the disciplinary case. Given this, and specifically considering Mr. Morris's cooperation in the investigation to date, Bar Counsel's Office would consider the option of Mr. Morris administratively resigning his Idaho license under Idaho Bar Commission Rule 305(e)(1). That Rule provides in relevant part: "An attorney who does not intend to meet licensing requirements may voluntarily resign his or her membership in the Bar by submitting a written request to the Executive Director on a form provided by the Bar. An attorney with pending disciplinary matters may not voluntarily resign without Bar Counsel approval."

By such resignation, the disciplinary case would be dismissed because Mr. Morris would no longer have an Idaho license that could be subject to any sanction. Additionally, we would not be filing a formal charge Complaint outlining the allegations regarding the Winmill case, meaning it would not follow Mr. Morris publicly as he moved forward with new professional opportunities. I understand that the lawsuit in northern Idaho has taken its toll. An administrative resignation would perhaps close at least part of that chapter.

Please let me know if you have any questions regarding this option. If Mr. Morris elects to do so, he can forward a letter to the Executive Director advising that he wishes to administratively resign and at this time, Bar Counsel's Office would approve that request and thereafter close the disciplinary file without further action or any further response required from Mr. Morris. He could report to the South Carolina Bar (and any other jurisdiction) that he has no discipline and no pending disciplinary matters.

**Caralee A. Lambert | Assistant Bar Counsel**
Idaho State Bar
P.O. Box 895, Boise, ID 83701
(208) 334-4500 | fax: (208) 334-2764 | www.isb.idaho.gov
clambert@isb.idaho.gov