EXHIBIT 4

Notice of Claim for Idaho Tort Claims Act (ITCA)
Dated: January 5, 2024



# NOTICE OF CLAIM BY CITIZEN TO THE STATE OF IDAHO

This form is for filing a tort claim against the state of Idaho. Information requested on this form is required by Idaho Code 6-907 and is subject to public disclosure

**For Official Use Only:**

## IMPORTANT INFORMATION

**Business Hours:**
Monday – Friday 8:00 a.m. – 5:00 p.m. *(Closed during lunch hour 12:00 p.m. – 1:00 p.m.)*
Closed on weekends and official state holidays.

**Questions? Contact us:**
(208) 334-2852
claims@sos.idaho.gov

## CLAIMANT INFORMATION

**Claimant's Name**

| First | Middle | Last |
|---|---|---|
| Jeremy | Ray | Morris |

**Claimant's Phone Number**
(208) 964-5878

**Additional Claimants** *(If applicable)*

**Who is Filing this Claim?** *(Select one)*
- ☑ Claimant
- ☐ Insurance Company (Subrogee)
- ☐ Attorney
- ☐ Parent/Legal Guardian

**Attorney/Insurance Company Name** *(If applicable)*

**Inmate DOC Number** *(If applicable)*

**Claimant's Current Residential Address**

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 2340 Hwy 66 | Whitmire | South C | 29178 |

**Claimant's Previous Residential Address** *(If different from above for a period of six (6) months immediately prior to the time the claim arose)*

| Street Address | City | State | Zip Code |
|---|---|---|---|
| 13111 N. Ferndale Drive | Hayden | Idaho | 83835 |

## INJURY OR DAMAGE INFORMATION

**Date(s) of Injury or Damage** *(If the injury or damage occurred once, leave Date and Time of Last Occurrence blank)*

| Date of the Injury or Damage (or first occurrence) | Time of Injury or Damage (or first occurrence) | Date of Last Occurrence | Time of Last Occurrence |
|---|---|---|---|
| 01/17/2023 | | 08/09/2023 | |

**Place or Location the Injury or Damage Occurred** *(Fill as many details as possible)*

Idaho State Bar   525 W. Jefferson St., Boise, Idaho 83702

**If the Injury or Damage Occurred on a Street or Highway**

| Name of Street or Highway | Nearest Intersecting Street | Milepost Number |
|---|---|---|

**State Agency or Department Alleged Responsible for Damage/Injury**
*(Select all that apply from the list of State Agencies below. You MUST select at least one State Agency to continue this claim.)*

- ☐ Boise State University
- ☐ Commission of Pardons & Parole
- ☐ Department of Agriculture
- ☐ Department of Administration
- ☐ Department of Commerce
- ☐ Department of Correction
- ☐ Department of Education
- ☐ Department of Environmental Quality
- ☐ Department of Fish & Game
- ☐ Department of Health & Welfare
- ☐ Department of Juvenile Corrections
- ☐ Department of Labor
- ☐ Department of Lands
- ☐ Department of Veterans Services
- ☐ Division of Occupational & Professional Licenses
- ☐ Human Resources Division
- ☐ Idaho State Police
- ☐ Idaho State University
- ☐ Idaho Transportation Department
- ☐ Industrial Commission
- ☐ Lava Hot Springs Foundation
- ☐ Lewis-Clark State College
- ☐ Military Division
- ☐ Parks & Recreation Department
- ☐ Public Utilities Commission
- ☐ Public Works Division
- ☐ State Board of Education
- ☐ State Tax Commission
- ☐ University of Idaho
- ☑ Other: Idaho State Bar; Supreme Court of Idaho

Revised 09/09/2022

# NOTICE OF CLAIM BY CITIZEN
# TO THE STATE OF IDAHO (continued)

## ADDITIONAL INFORMATION

**Describe the Injury or Damage**

I moved from Idaho in March 2023 to South Carolina in hopes of making a new career. The SC Supreme Court required me to testify along w/ my wife for almost 5 hrs re: ISBs actions. Due to ISBs conduct, my license to practice in another state will be either delayed or denied. I've had multiple SC interviews and even a job offer which has been set aside SPECIFICALLY due to the current grievance. Due to ISB's decision to violate my 1st Amendment right to speech, my 50 acre plantation in SC is currently in forbearance-- potentially soon in foreclosure. At great cost, I started "Mollihon Plantation, Inc." as a wedding venue and personal residence for my wife and 4 young children. I intended to pass it on to them. Jobs applied for range from $120k-170k STARTING. I had to defend myself publicly and was seen by millions on Fox News admitting I could be disbarred or suspended; irreversible millions of $$ in damages to my reputation. I'm seeking maximum damages under the Idaho Tort Claims Act.

**Accurately Describe The Conduct And Circumstances Which Brought About The Injury Or Damage**

My Bar License No. is 8500. Idaho State Bar, hereinafter, ISB, wrote a letter on Jan. 17, 2023 stating I was being investigated for making the following 2 statements about Fed. Judge Winmill; 1) anti-Christian bigot, 2) that he attempted to rig a jury. The ISB stated they received 2 grievances, but neglected to admit the grievances about comments made in a film that premiered 13 months earlier were sent within 4 days of each other in a coordinated effort.

ISB sent a letter on Aug. 9, 2023 in a shakedown tactic that I had left Idaho and could go on with my life (i.e. get licensed elsewhere) if I resigned and nobody would know I was investigated.

ISB knows that I filed misconduct charges against Fed. Judge Winmill in July 2021 for attempted jury rigging consistent with a court transcript in which a juror admitted to being "prejudiced." I believe ISBs conduct is evidence of retaliation for my legal actions against Winmill and a deprivation of my 1st Amendment right to opinion.

**Names Of All Persons Involved In Or Witness To The Injury Or Damage** (Include Addresses and Telephone Numbers if known)

IDAHO STATE BAR
PO Box 895
Boise, Idaho 83701
(208) 334-4500

Gary Cooper, President
Diane Minnich, Executive Director
Mary York, Commissioner
Kristin Bjorkman, Commissioner
Jillian Caires, Commissioner
Hon. Robert L. Jackson, Commissioner
Joe Pirtle, Bar Counsel
Associate Director Maureen Braley
Julia Crossland, Deputy Bar Counsel
Caralee Lambert, Assistant Bar Counsel

COORDINATED COMPLAINT FILERS
Molly O'leary, Attorney at Law
Christa Hazel, Attorney at Law
Joel Hazel, Attorney at Law

OTHER
Judge B. Lynn Winmill
US courthouse 550 W. Fort Street, Boise, Idaho 83724
Law Clerk Melissa Knowles (208) 334-9027

## FINALIZE CLAIM

I claim Damages from the State of Idaho in the Sum of: **$10,000,000.00**

Signature: Jeremy Ray Morris

Date: January 5, 2024

B0820-6689 01/09/24 3:28 PM Received by Office of the Idaho Secretary of State

## AFFIDAVIT OF JEREMY R. MORRIS

I, JEREMY R. MORRIS, hereby state under oath and under penalty of perjury pursuant to 28 U.S.C. §1746 of the laws of the United States of America, that I am competent to testify to the matters herein, that the statements are based on my personal knowledge and that the following information is true:

1.  I currently reside at 13111 N. Ferndale Dr., Hayden, ID 83835. (208) 964-5878

2.  On October 22, 2018, Judge B. Lynn Winmill in the U.S. District Court of Idaho began jury selection in Civil No. 2:17-CV-00018-REB against a Homeowners Association for religious discrimination and a cross claim against the plaintiffs for alleged violations of the CCRs. It is my sincere belief and that he attempted to rig the jury, and when that failed, he withheld evidence and then when that failed, he reversed the unanimous decision of the jury.

3.  During voir dire, juror number 11 states, "I kind of hold [CCRs] in a high esteem. So, I feel like I would probably be a little prejudiced in that way." (Page 28, line 16-17). Attorney Miller pleaded with the court, "[she] has already stated--she actually used the word, 'prejudiced' herself. That she would be prejudiced for the HOA." (pg. 71, line 23-24). But Judge Winmill responded, "just using the word "prejudiced" once isn't enough to be a challenge for cause." (pg. 72, line 22-23). But much later, on page 97, juror number 11 she had been involved in discussions about the present case with HOA managers. Number 11 worked with HOAs and had been instructed previously to always "err on the side that the HOA covenants are correct and the homeowners are wrong." (pg. 97, line 20-21). Juror 11 then stated, "I would come into it with a bit of **bias** that way." (pg. 97, line 22). When pressed by plaintiffs' counsel on what she meant by prejudice involving a a case like this no. 11 said, "I would be actually more **prejudiced**, I guess, against the homeowner. Because we have so many homeowners that come and feel like they are special and they don't have to abide by the CC&Rs because they have these extenuating

AFFIDAVIT OF JEREMY R. MORRIS            1                Initial _/s/_

AFFIDAVIT OF JEREMY R. MORRIS

circumstances that don't apply to them." Counsel for the plaintiff continued, "Now, when you say '**prejudice**,' I'm just trying to understand kind of your analysis of how you walk through some of these questions. Are you saying that when somebody brings a complaint to you, now that you're a member of the board, that your initial thought is that the homeowner is probably wrong?" Number 11 replied, "That's correct." (pg. 97, line 24-25 and pg. 98, line 1-13). Despite creating the rule that saying "prejudice" only one time was not grounds for removal, the juror subsequently repeatedly used the word "prejudice," "bias," and that it was correct that it is assumed a homeowner is always wrong.

4.  On page 64, prospective juror no. 2 stated, "My whole point is the religious aspect here; because I don't believe in it, so I don't care to hear about it." Judge Winmill replied, "Okay, let me just--you have not raised your hand in response to other questions. So, I'm assuming you feel you could be fair and impartial. But given a choice, you just as soon not get involved in what might kind of be a ---hear about some religious issues?" No. 2 said, "Exactly. I don't want to be involved in it." The judge was almost pleading with Juror No. 2 at this point to remain after No. 2 had made it clear he wanted nothing to do with Christians because, "[he] didn't believe in it." But the judge's tone turned almost to <u>begging</u> when the judge continued. "Okay. But you're confident you could be fair and impartial if you were picked? (pg. 64, line11). Juror No. 2: "Yeah--no. No." Still Judge Winmill pressed on: "Okay. All right. What we ask jurors to do--and not all jurors can do it--but we ask jurors to put aside their personal feelings, and even if they may have strong-you know, I-you know, one of the other jurors is a minister in a church, but he has indicated he feels he could put that aside, apparently and be fair and impartial. But some jurors may just have strong feelings, one side or the other, that you feel you just can't put aside. So, juror No. 2, you're concerned that you just--you have pretty strong feelings about religion

AFFIDAVIT OF JEREMY R. MORRIS                2                      Initial

AFFIDAVIT OF JEREMY R. MORRIS

and --" Juror No. 2: "Yes, sir." (pg. 64, line 22). The judge kept going--getting ever more desperate in his tone, "feel like it would be hard for you to be fair and impartial." Juror 2: "Yes sir." (pg. 64, line 25. It became clear to the Plaintiffs and the Plaintiffs' counsel that the judge was begging a prospective juror to remain despite his continued insistence that he could not be fair.

5. Plaintiffs' counsel Brad Miller engaged in numerous sidebars with Judge Winmill during voir dire. Each time, Plaintiffs counsel returned to the table where I was sitting with co-Plaintiff Kristy Morris, and explained how unusual all of this behavior was. Miller told Plaintiffs that in his many trials, he had never seen a judge act in this manner. Those actions include, but are not limited to: refusing to remove a potential juror for words like "bias" and prejudice."

6. After the jury had been seated, Judge Winmill announced to the court that the jury would not be permitted to decide the counterclaim. When my attorney informed the judge that one witness actually had evidence of <u>direct</u> harassment from an HOA Board member (and not a third-party HOA member), the Judge insisted he had already made his decision and the witness' entire testimony would be struck. When my attorney to inform the judge that the owner of a bus company had already given testimony of <u>direct</u> harassment from an HOA Board member (and not a third-party HOA member), the Judge insisted he had already made his decision and the witness' entire testimony would be struck.

7. The jury sat for 15 hours over 2 days deliberating. After more than 14 hours, the jury sent the judge a question, they immediately delivered a verdict. The verdict was unanimous on all 4 claims: The HOA had discriminated before and after the sale (3604b), the HOA sent a writing indicating a religious preference against the Morris family (3604c), and the HOA had engaged in harassment on the basis of the Morris family's religion.

AFFIDAVIT OF JEREMY R. MORRIS           3           Initial ___

AFFIDAVIT OF JEREMY R. MORRIS

8. After the unanimous jury verdict on all 4 claims, Judge Winmill reversed the jury and ordered the Morris family to pay the HOAs attorney fees which the HOA stated were $111,000. He also ordered the Morris family terminate their Christmas program. In his order, Judge Winmill acknowledged his ruling reversing the unanimous jury would be challenged by the 9th circuit and that he has never overturned a jury under rule 50b in 31 years on the bench.

9. Judge Winmill wrote "within minutes of the bailiff relaying the court's answer to the jury, the foreperson contacted the bailiff to announce that the jury had reached a verdict." (Order, Pg. 22). But anyone reading this would not know that the jury actually deliberated for 15 hours.

10. The Order confirms that rule 50b does not allow the Court to overturn a jury verdict on the basis of "credibility," but Judge Winmill stated that Mr. Morris was not "credible" and had "multiple inconsistencies"--only providing one example: the date of the program. But the show was visited by thousands of people. The date of the program was never in question. The only example of an inconsistency was factually wrong.

11. Judge Winmill said testimony of HOA President Jennifer Scott "was credible." The judge knew she committed perjury because the tape of her lying in court was played to the jury. Not only did the judge fail to disclose this in his order reversing the jury verdict, but he actually made it a point to call her "credible." Scott admitted in a tape-recorded phone conversation that the HOA discriminated against the Morris family and that she had shared this with the HOA Board. Unaware of the existence of this tape, she made statements under oath in which she lied about the admission of discrimination. After the unanimous jury verdict, I discussed with a county prosecutor whether Mrs. Scott should be prosecuted for perjury. Over the next few days, I was asked by County Prosecutor Barry McHugh to file a police report regarding her unequivocal perjury as the tape recording contradicted her testimony explicitly.

AFFIDAVIT OF JEREMY R. MORRIS            4                    Initial ⧸⧸

AFFIDAVIT OF JEREMY R. MORRIS

## CONCLUSION

Judge Winmill allowed a juror to remain on a jury after proclaiming she was prejudiced and biased. He all but begged for another juror to remain on the jury who had made it clear he was antagonistic toward religion. Judge Winmill removed the counterclaim from the jury after jury. He withheld evidence improperly. And when the jury was still unanimous, Judge Winmill overturned the jury on the basis of credibility--despite open indisputable perjury from a witness that Judge Winmill said was credible. Finally, Judge Winmill knowingly attributed violations of HOA rules to my family that did not exist, while ignoring a vast number of violations of HOA members that actually did exist. Through Judge Winmill's actions involving jury selection, his tone throughout the trial, his overall demeanor to Plaintiffs' counsel, and is either knowingly-false or otherwise reckless recitation of the facts in his order--which failed to even acknowledge an ADMISSION by the HOA, it is my sincere belief that Judge B. Lynn Winmill violated Rule 40.3 of the U.S. Court of Federal Claims in which complaints may be filed against "any judge of the court who has engaged in conduct prejudicial to the effective and expeditious administration of the business of the court."

DATED this 10th day of June 2021

_____
Jeremy R. Morris

SUBSCRIBED AND SWORN TO before me this 10th day of June 2021, by Jeremy R. Morris who presented documentation sufficient for me to verify his identification.

_____
**Notary Public for Idaho**
**Residing in:**
**Commission Expires:**

AFFIDAVIT OF JEREMY R. MORRIS                    5                    Initial _____

Judicial Council of the Ninth Circuit

## COMPLAINT OF JUDICIAL MISCONDUCT OR DISABILITY

To begin the complaint process, complete this form and prepare the brief statement of facts described in item 5 (below). The RULES FOR JUDICIAL-CONDUCT AND JUDICIAL-DISABILITY PROCEEDINGS, adopted by the Judicial Conference of the United States, contain information on what to include in a complaint (Rule 6), where to file a complaint (Rule 7), and other important matters. The Ninth Circuit Judicial Council also adopted local misconduct rules. The rules are available in federal court clerks' offices, on individual federal courts' Web sites, and on www.uscourts.gov, and https://www.ca9.uscourts.gov/misconduct/judicial_misconduct.php.

Your complaint (this form and the statement of facts) should be typewritten and must be legible. Under the Ninth Circuit's local misconduct rules, you are required to file five copies of your misconduct complaint and exhibits, plus one copy for each additional judge if more than one subject judge is named in your complaint. Enclose your complaint in an envelope marked "COMPLAINT OF MISCONDUCT" or "COMPLAINT OF DISABILITY" and submit it to the appropriate clerk of court. **Do not put the name of any judge on the envelope.**

1. Name of Complainant: Jeremy Ray Morris
   Contact Address: 13111 N. Ferndale Drive
                    Hayden, Idaho 83835
   Daytime telephone: (208) 964-5878

2. Name(s) of Judge(s): B. Lynn Winmill
   Court:

3. Does this complaint concern the behavior of the judge(s) in a particular lawsuit or lawsuits?
   [★] Yes        [ ] No

   If "yes," give the following information about each lawsuit:
   Court: U.S. District Court of Idaho
   Case Number: 2:17-CV-00018
   Docket number of any appeal to the 9th Circuit: 19-35390
   Are (were) you a party or lawyer in the lawsuit?
   [★] Party        [★] Lawyer        [ ] Neither

Page 1 of 3

If you are (were) a party and have (had) a lawyer, give the lawyer's name, address, and telephone number:

Brian Locker, Fowler / St. Clair

1172 Amber Park Drive, STE 160, Alpharetta, GA 30009

(678) 310-8868

4. Have you filed any lawsuits against the judge?

[ ] Yes   [X] No

If "yes," give the following information about each such lawsuit:

Court: _____

Case Number: _____

Present status of lawsuit: _____

Name, address, and telephone number of your lawyer for the lawsuit against the judge:

_____

_____

_____

Court to which any appeal has been taken in the lawsuit against the judge:

_____

Docket number of the appeal: _____

Present status of the appeal: _____

5. **Brief Statement of Facts.** Attach a brief statement of the specific facts on which the claim of judicial misconduct or disability is based. Include what happened, when and where it happened, and any information that would help an investigator check the facts. If the complaint alleges judicial disability, also include any additional facts that form the basis of that allegation. Local Rule 6.1(b) provides that your statement of facts must not be longer than five pages (five sides), or 1,200 words, whichever is less.

**You must provide objectively verifiable proof such as the names of witnesses or recorded documents or transcripts to support your allegations.** Adverse rulings do not support misconduct allegations, as the appropriate forum for an argument that a judge erred is the appellate court. Thus, you need not include copies of your filings in the underlying case or the judge's orders because even if a review of those documents is necessary, the documents are accessible via PACER. Excess or irrelevant documentation will be returned to the complainant.

Page 2 of 3

B0820-6696 01/05/2024 3:28 PM Received by Office of the Idaho Secretary of State

6.  Acknowledgment, declaration and signature:

**In the space provided below, please write the following statement: "I understand that even if I successfully prove that the judge engaged in misconduct or is disabled, this procedure cannot change the outcome of the underlying case." (If this statement is not written, your complaint will not be processed and will be returned to you.)**

I understand that even if I successfully prove that the judge engaged in misconduct or is disabled, this procedure cannot change the outcome of the underlying case.

I declare under penalty of perjury that the statements made in this complaint are true and correct to the best of my knowledge.

(Signature) _____     (Date) June 2, 2021

NOTE:

There are three lawyers who were part of the case:
1. Brad Miller
(480) 637-0240
1201 S. Alma School Rd., Mesa, AZ
brad@bradlmiller.com

2. Brian Locker
(678) 310-8868
1172 Amber Park Dr., STE 160, Alpharetta, GA 30009
locker@fowlerstclair.com

3. Jeremy R. Morris  (me)
(208) 964-5878
13111 N. Ferndale Drive, Hayden, Idaho, 83835
jrmorris81@icloud.com
I am also a co-plaintiff in the same case.

# UWM
UNITED WHOLESALE MORTGAGE

855-753-6201 | uwm.loanadministration.com

December 22, 2023

JEREMY RAY MORRIS
PO BOX 891
HARDY VA 24101

Hours of Operation:
Customer Service: Monday - Friday, 8:30 a.m. to 8:00 p.m.
Collections Dept.: Monday - Friday, 8:00 AM to 9:00 PM ET

Qualified Written Requests, notifications of error, or requests for information concerning your loan must be directed to:
PO Box 77423, Ewing, NJ 08628

RE: Loan Number: 01▬
    Property Address: 2340   HWY 66
                      WHITMIRE SC  29178

Dear Customer:

A property value assessment has been ordered on your property due to your submission of an application for Loss Mitigation. This information may be used in the decision of your application. If a subsequent valuation report or appraisal is prepared when reviewing your application, we will provide you with those copies as well.

Attached please find a copy of the most recent valuation which was completed on your property after we received your application for Loss Mitigation.

Loss mitigation options may have costs associated with them that you may be responsible for after completion of loss mitigation. Examples of these costs include title searches, appraisals and valuations. The costs may vary depending on the loan information, geographic area, etc. Please contact us for information on costs that may be associated with your loss mitigation evaluation.

If your account is in an existing loss mitigation option, the terms of that option will remain in effect until you qualify for and accept a new offer, cancel that option, or fail to perform under the terms of the existing option. If you have any questions, please contact us at 866-640-6914.

Thank you.

Enclosure(s)

Required Legal Notice(s)

This communication is from a debt collector. Any information obtained can be used for the purpose of collecting a debt. However, if you are in an active bankruptcy case or your debt has been discharged in bankruptcy, this notice is for informational purposes only and is not a demand for payment or an attempt to collect a debt for which your personal liability has been discharged in bankruptcy.

LM055 JO



United Wholesale Mortgage is a proud division of United Shore Financial Services, LLC, NMLS # 3038

# Fannie Mae

## PROPERTY VALUATION ESTIMATE REPORT

**PROPERTY ADDRESS**

2340 HWY 66 WHITMIRE, SC 29178

**PROPERTY ESTIMATE RESULTS**

| | |
|---|---|
| Bulk Submission ID | — |
| Order ID | 898063 |
| Order Date | Dec 22, 2023 12:26:18 ET |
| Valuation Type | AVM |
| As Is Value | $498,100.00 |
| Confidence Score | 9 (Scores range from 1 to 5, and 9; 1 represents the highest level of confidence) |



**LOAN DETAILS**

| | |
|---|---|
| Servicer | UNITED WHOLESALE MORTGAGE, LLC |
| Servicer Loan Number | |
| Seller Servicer Number | |
| Fannie Mae Loan Number | |

**Information for the Servicer**

The estimate of value may not be obtained or used in connection with an application for a loan. It may be used in connection with certain mortgage loan workout options, subject to the terms and conditions of your license agreement with Fannie Mae. The estimate of value is not the result of an appraisal, nor was it developed by a state licensed or certified appraiser. Fannie Mae makes no representations or warranties, express or implied, regarding the property, the condition of the property, or the estimated value of the property. If the servicer obtains this report in connection with determining mortgage loan workout options, applicable law may require that this report be sent to the homeowner.

**Information for the Homeowner**

This estimate of value was developed by an automated valuation model (AVM) that was made available to your servicer by Fannie Mae. This estimate of value is not the result of an appraisal, nor was it developed by a state licensed or certified appraiser. Fannie Mae makes no representations or warranties, express or implied, regarding the property, the condition of the property, or the estimated value of the property. This estimate is intended to be used solely by the servicer and solely in connection with mortgage loan workout options. If you have concerns with this estimate of value, please talk to your servicer about your options, which include asking your servicer to order a BPO or an appraisal.

©2023 Fannie Mae. All Rights Reserved    1 of 1    2023-12-22T12:26:18-0500

**From:** Caralee Lambert <clambert@isb.idaho.gov>
**Sent:** Wednesday, August 9, 2023 11:37 AM
**To:** Dustin Charters <WDC@powersfarley.com>
**Cc:** Joseph Pirtle <jpirtle@isb.idaho.gov>
**Subject:** ISB matter

Mr. Charters:

Thank you for reaching out today. The ISB Board of Commissioners reviewed the record in this matter at its July meeting and found probable cause to proceed with formal charges. The Board's primary concern related to Idaho Rule of Professional Conduct 8.2(a) and certain of the statements made about Judge Winmill. You are aware of those statements so I will not reiterate them here. I understand Mr. Morris's position regarding his First Amendment right to make statements about a federal judge, but nonetheless the Board believed, based on the record and relevant caselaw, that Rule 8.2(a) was implicated with respect to certain of those statements.

That said, Mr. Morris has advised that he has relocated out of state and that the pendency of this disciplinary grievance has affected his ability to move forward. I appreciate that and respect that Mr. Morris may not want a formal charge Complaint filed that would be a matter of public record, regardless of the outcome of the disciplinary case. Given this, and specifically considering Mr. Morris's cooperation in the investigation to date, Bar Counsel's Office would consider the option of Mr. Morris administratively resigning his Idaho license under Idaho Bar Commission Rule 305(e)(1). That Rule provides in relevant part: "An attorney who does not intend to meet licensing requirements may voluntarily resign his or her membership in the Bar by submitting a written request to the Executive Director on a form provided by the Bar. An attorney with pending disciplinary matters may not voluntarily resign without Bar Counsel approval."

By such resignation, the disciplinary case would be dismissed because Mr. Morris would no longer have an Idaho license that could be subject to any sanction. Additionally, we would not be filing a formal charge Complaint outlining the allegations regarding the Winmill case, meaning it would not follow Mr. Morris publicly as he moved forward with new professional opportunities. I understand that the lawsuit in northern Idaho has taken its toll. An administrative resignation would perhaps close at least part of that chapter.

Please let me know if you have any questions regarding this option. If Mr. Morris elects to do so, he can forward a letter to the Executive Director advising that he wishes to administratively resign and at this time, Bar Counsel's Office would approve that request and thereafter close the disciplinary file without further action or any further response required from Mr. Morris. He could report to the South Carolina Bar (and any other jurisdiction) that he has no discipline and no pending disciplinary matters.

**Caralee A. Lambert | Assistant Bar Counsel**
Idaho State Bar
P.O. Box 895, Boise, ID 83701
(208) 334-4500 | fax: (208) 334-2764 | www.isb.idaho.gov
clambert@isb.idaho.gov



**Office of Bar Counsel**
P. O. Box 895 • Boise, Idaho 83701
(208) 334-4500 • Fax: (208) 334-2764
www.isb.idaho.gov

January 17, 2023

PERSONAL AND CONFIDENTIAL

Jeremy R. Morris
j.morris@libertyconsulting.us

      RE:    ISB v. Jeremy Morris (ISB 21-312 and 22-014)

Dear Mr. Morris:

      I have enclosed copies of posts from your Facebook account dated December 27, 2021, January 13, 2022, January 27, 2022, and April 10, 2022, which were brought to my attention. In addition to your Facebook posts, also brought to my attention, is the November 26, 2021 Apple TV release of "Twas the Fight Before Christmas" in which you state, "that Federal Judge flipped the verdict and ordered my family to pay $112,000 of their legal fees. So we have a corrupt judge." Lastly, please see the attached link to a video clip in which you state: "the corrupt, Federal Judge Winmill, who tried to rig a jury, who's now facing a misconduct charge that I filed against him." The video clip also contains a statement at the bottom of the screen: "THE JUDGE IS A HATEFUL ANTI-CHRISTIAN BIGOT."

      Based upon this, we would like you to please respond to whether you made statements with reckless disregard as to the truth or falsity concerning the qualifications or integrity of a judge, with reference to I.R.P.C. 8.2(a).

      We request that you submit your response within twenty-one (21) days from the date you receive this letter. If you have any questions, please do not hesitate to contact me.

Sincerely,

Joseph N. Pirtle
Bar Counsel

JNP:kf

Enclosures